IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. 5:21-CR-57 (FJS) |
| | ) | |
| v. | ) | **STIPULATION FOR** |
| | ) | **CONTINUANCE** |
| **ALEJANDRO DE JESUS TAVAREZ, ET AL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

The parties in the above-captioned case having moved for a continuance of 120 days within which the parties may file motions and prepare for trial in the above-captioned action and Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Nicolas Commandeur, Assistant U.S. Attorney, appearing, having consented to the continuance and proposed the exclusion of the 120-day period of continuance under the Speedy Trial Act, the parties hereby stipulate and agree as follows:

1) The prior proceedings in this case occurred as follows:

   a) Dates of initial appearance or arraignment: 2/24/21-2/25/21

   b) Date of indictment: February 18, 2021

   c) Defendant Alejandro DeJesus Tavarez custody status: Detained

   d) Defendant Alexander Tavarez Espinal custody status: Detained

   e) Defendant Jan Leonel Vazquez Familia custody status: Detained

   f) Defendant Jahdier Dowdell custody status: Detained

   g) Defendant Maurice Graves custody status: Detained

   h) Defendant Kamiya Joe custody status: Pre-trial release

   i) Defendant Jonah Sutton custody status – Pre-trial release

   j) Defendant Dianisha Trapps custody status: Detained

1

k)   Defendant Tacarra Newton custody status: Detained

l)   Defendant Tywone Haskins custody status: Detained

m)   Defendant Joshua Stanley custody status: Detained

n)   Defendant Shateek Brown custody status: Detained

2)   There have been no prior orders of exclusion under the Speedy Trial Act. There have been periods of exclusion from the Speedy Trial Act for other reasons, such as the period from and including February 26, 2021, when the government filed its motion for a protective order (Dkt. No. 47), to and including March 15, 2021, when the Court granted that motion (Dkt. No. 75).

3)   The parties have requested the continuance based on the COVID-19 pandemic and based on the need for defense counsel to review the voluminous discovery in this case and discuss the case with the defendants so that the defendants can evaluate how to proceed.

4)   The parties stipulate and agree that the ends of justice served granting this continuance outweigh the best interests of the public and the defendants in a speedy trial because the continuance is necessary for the following reasons:

### COVID-19 Pandemic

5)   On March 13, 2020, the Court issued General Order No. 58, In Re: Coronavirus Public Emergency, revised on multiple dates and most recently on March 3, 2021, continuing criminal jury selections and jury trials scheduled to commence through May 15, 2021 because of (a) the New York Governor's declaration of a public-health emergency in response to the spread of COVID-19, and (b) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. Pandemic, like natural disaster or other emergency, grants this Court the discretion to order an ends-of-justice continuance. *See United States v. Correa*, 182 F.Supp.2d 326, 329 (S.D.N.Y. 2001) (applying this requirement after

the September 11, 2001 attacks and noting that "there is authority for granting [discretionary interests-of-justice exclusions] in the case of public emergency caused by a natural catastrophe"). Moreover, due to the restrictions imposed by current public-health concerns--particularly given the complexity of this case-- denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(7)(B)(iv). Furthermore, trial preparation necessarily involves close contact with witnesses, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of either or both of counsel and the witnesses. In addition to concerns for the health of prospective jurors and the ability of the Court to obtain--and maintain--an adequate number of jurors as well as the lack of an opportunity for counsel to prepare effectively, an ends-of-justice delay is particularly appropriate here because it is anticipated that the trial in this case may involve witnesses who must travel, putting themselves and others at risk of infection with the coronavirus. Specifically, the government anticipates calling at trial witnesses regarding forensic analysis. Some of these witnesses reside out of the District.

6) For all of these reasons, an exclusion under 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv) is appropriate

### Reasons Unrelated to the COVID-19 Pandemic

7) This case involves multiple defendants and a complex set of facts. The investigation leading to the indictment in this case lasted several months, and included months of wiretap interceptions and surveillance. It also included the execution of multiple search warrants. The discovery in this case is voluminous and the defense will need the additional time to review the discovery, consult with the defendants, consider and prepare any motions, consider and discuss potential pre-trial dispositions, and prepare for trial.

a) The parties stipulate and agree that the ends of justice served by granting this continuance outweighs the best interests of the public and the defendants in a speedy trial because the delay is necessary in order to allow the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence (18 U.S.C. § 3161(h)(7)(B)(iv)).

8) The parties stipulate and agree that a period of 120 days beginning on and including the date on which the Court signs the requested order shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(iv).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: *April 2, 2021*

ANTOINETTE T. BACON
Acting United States Attorney

By: _____
Nicolas Commandeur
Assistant United States Attorney
Bar Roll No. 518984

*Gabrielle DiBella*
Gabrielle DiBella Esq.
Attorney for Alejandro DeJesus Tavarez
Bar Roll No. 700576

_____
Frank Policelli, Esq.
Attorney for Alexander Tavarez Espinal
Bar Roll No.

_____
Robert G. Wells, Esq.
Attorney for Jan Leonel Vazquez Familia
Bar Roll No.

a) The parties stipulate and agree that the ends of justice served by granting this continuance outweighs the best interests of the public and the defendants in a speedy trial because the delay is necessary in order to allow the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence (18 U.S.C. § 3161(h)(7)(B)(iv)).

8) The parties stipulate and agree that a period of 120 days beginning on and including the date on which the Court signs the requested order shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(iv).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: _____  ANTOINETTE T. BACON
Acting United States Attorney

By: _____
Nicolas Commandeur
Assistant United States Attorney
Bar Roll No. 518984


_____
Gabrielle DiBella Esq.
Attorney for Alejandro DeJesus Tavarez
Bar Roll No.

_____
Frank Policelli, Esq.
Attorney for Alexander Tavarez Espinal
Bar Roll No.


_____
Robert G. Wells, Esq.
Attorney for Jan Leonel Vazquez Familia
Bar Roll No.

4

a) The parties stipulate and agree that the ends of justice served by granting this continuance outweighs the best interests of the public and the defendants in a speedy trial because the delay is necessary in order to allow the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence (18 U.S.C. § 3161(h)(7)(B)(iv)).

8) The parties stipulate and agree that a period of 120 days beginning on and including the date on which the Court signs the requested order shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(iv).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: _____

ANTOINETTE T. BACON
Acting United States Attorney

By: _____
Nicolas Commandeur
Assistant United States Attorney
Bar Roll No. 518984


_____
Gabrielle DiBella Esq.
Attorney for Alejandro DeJesus Tavarez
Bar Roll No.


_____
Frank Policelli, Esq.
Attorney for Alexander Tavarez Espinal
Bar Roll No.

*[signature: Robert G. Wells]*
Robert G. Wells, Esq.
Attorney for Jan Leonel Vazquez Familia
Bar Roll No. 505778

_____
Kerry Lynn Buske, Esq.
Attorney for Jahdier Dowdell
Bar Roll No. 1700265

_____
Dana VanHee, Esq.
Attorney for Maurice Graves
Bar Roll No.

_____
Annaleigh Porter, Esq.
Attorney for Kamiya Joe
Bar Roll No.

_____
Stephen Lance Cimino, Esq.
Attorney for Jonah Sutton
Bar Roll No.

_____
Kimberly M. Zimmer, Esq.
Attorney for Dianisha Trapps
Bar Roll No.

_____
William C. Sullivan, Esq.
Attorney for Tacarra Newton
Bar Roll No.

_____
Matthew Grant Jubelt, Esq.
Attorney for Tywone Haskins
Bar Roll No.

_____
Kerry Lynn Buske, Esq.
Attorney for Jahdier Dowdell
Bar Roll No.

_____/s/_____
Dana VanHee, Esq.
Attorney for Maurice Graves
Bar Roll No. 512529


_____
Annaleigh Porter, Esq.
Attorney for Kamiya Joe
Bar Roll No.


_____
Stephen Lance Cimino, Esq.
Attorney for Jonah Sutton
Bar Roll No.


_____
Kimberly M. Zimmer, Esq.
Attorney for Dianisha Trapps
Bar Roll No.


_____
William C. Sullivan, Esq.
Attorney for Tacarra Newton
Bar Roll No.


_____
Matthew Grant Jubelt, Esq.
Attorney for Tywone Haskins
Bar Roll No.

_____
Kerry Lynn Buske, Esq.
Attorney for Jahdier Dowdell
Bar Roll No.


_____
Dana VanHee, Esq.
Attorney for Maurice Graves
Bar Roll No.


_____/s/_____
Annaleigh Porter, Esq.
Attorney for Kamiya Joe
Bar Roll No.  516840


_____
Stephen Lance Cimino, Esq.
Attorney for Jonah Sutton
Bar Roll No.


_____
Kimberly M. Zimmer, Esq.
Attorney for Dianisha Trapps
Bar Roll No.


_____
William C. Sullivan, Esq.
Attorney for Tacarra Newton
Bar Roll No.


_____
Matthew Grant Jubelt, Esq.
Attorney for Tywone Haskins
Bar Roll No.

_____
Kerry Lynn Buske, Esq.
Attorney for Jahdier Dowdell
Bar Roll No.


_____
Dana VanHee, Esq.
Attorney for Maurice Graves
Bar Roll No.


_____
Annaleigh Porter, Esq.
Attorney for Kamiya Joe
Bar Roll No.


_____
Stephen Lance Cimino, Esq.
Attorney for Jonah Sutton
Bar Roll No. 301060


_____
Kimberly M. Zimmer, Esq.
Attorney for Dianisha Trapps
Bar Roll No.


_____
William C. Sullivan, Esq.
Attorney for Tacarra Newton
Bar Roll No.


_____
Matthew Grant Jubelt, Esq.
Attorney for Tywone Haskins
Bar Roll No.

_____
Kerry Lynn Buske, Esq.
Attorney for Jahdier Dowdell
Bar Roll No.


_____
Dana VanHee, Esq.
Attorney for Maurice Graves
Bar Roll No.


_____
Annaleigh Porter, Esq.
Attorney for Kamiya Joe
Bar Roll No.


_____
Stephen Lance Cimino, Esq.
Attorney for Jonah Sutton
Bar Roll No.

_____
Kimberly M. Zimmer, Esq.
Attorney for Dianisha Trapps
Bar Roll No. 505346


_____
William C. Sullivan, Esq.
Attorney for Tacarra Newton
Bar Roll No.


_____
Matthew Grant Jubelt, Esq.
Attorney for Tywone Haskins
Bar Roll No.

5

_____
Kerry Lynn Buske, Esq.
Attorney for Jahdier Dowdell
Bar Roll No.


_____
Dana VanHee, Esq.
Attorney for Maurice Graves
Bar Roll No.


_____
Annaleigh Porter, Esq.
Attorney for Kamiya Joe
Bar Roll No.


_____
Stephen Lance Cimino, Esq.
Attorney for Jonah Sutton
Bar Roll No.


_____
Kimberly M. Zimmer, Esq.
Attorney for Dianisha Trapps
Bar Roll No.

*/s/ William C. Sullivan*
_____
William C. Sullivan, Esq.
Attorney for Tacarra Newton
Bar Roll No.   502 175


_____
Matthew Grant Jubelt, Esq.
Attorney for Tywone Haskins
Bar Roll No.

5

_____
Kerry Lynn Buske, Esq.
Attorney for Jahdier Dowdell
Bar Roll No.


_____
Dana VanHee, Esq.
Attorney for Maurice Graves
Bar Roll No.


_____
Annaleigh Porter, Esq.
Attorney for Kamiya Joe
Bar Roll No.


_____
Stephen Lance Cimino, Esq.
Attorney for Jonah Sutton
Bar Roll No.


_____
Kimberly M. Zimmer, Esq.
Attorney for Dianisha Trapps
Bar Roll No.


_____
William C. Sullivan, Esq.
Attorney for Tacarra Newton
Bar Roll No.

*/s/ Matthew Grant Jubelt*
_____
Matthew Grant Jubelt, Esq.
Attorney for Tywone Haskins
Bar Roll No. 516785

5

*George F. Hildebrandt*
George F. Hildebrandt, Esq.
Attorney for Joshua Stanley
Bar Roll No. 505664


Joseph G. Rodak, Esq.
Attorney for Shateek Brown
Bar Roll No.

George F. Hildebrandt, Esq.
Attorney for Joshua Stanley
Bar Roll No.

_____
Joseph G. Rodak, Esq.
Attorney for Shateek Brown
Bar Roll No.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. 5:21-CR-57 (FJS) |
| | ) | |
| v. | ) | |
| | ) | |
| **ALEJANDRO DEJESUS TAVAREZ,** | ) | |
| **ET AL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

ORDER

A. The Court incorporates into this Order the stipulated facts and hereby adopts them as findings.

1. The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether a continuance serves the ends of justice in a manner that outweighs both the public interest and the defendants' rights. The Court finds that pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial because the delay is necessary in order to allow the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Specifically, the Court finds that the additional time is necessary for the reasons articulated in General Order No. 58, In Re: Coronavirus Public Emergency; denial would be likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, 18 U.S.C. 3161(h)(7)(B)(iv); trial preparation involves close contact with witnesses, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of either or both of counsel and the witnesses. In addition, the Court finds that the additional time is necessary because of the nature of the charges, and the voluminous discovery.

7

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS IT IS HEREBY ORDERED:

A. A period of 120 days, beginning on and including the date of this Order shall be excludable in computing time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv).

B. Any pretrial motions in this case shall be filed on or before _____ and shall be made returnable on _____.

C. The trial in this matter shall begin on _____ before United States District Judge Frederick J. Scullin, Jr. in Syracuse, New York or, in the alternative, a change of plea shall be entered on or before _____.

IT IS SO ORDERED.

Dated and entered this _____ day of _____, 2021.

Hon. Frederick J. Scullin, Jr.
Senior United States District Judge

8